ROBERT J. HOWE, Respondent, v. JOSEPH J. MOREHOUSE *et al.*, Appellants.

*Supreme Court, First Department, General Term, December 9, 1889.*

*Sale. Acceptance.*—Where the vendor, under a contract directly with one, ships the goods to another party, and the acceptance, use and possession of the latter are found to be those of the former, the contracting party is liable to the vendor for the purchase price of the goods.

Appeal from a judgment in favor of plaintiff rendered upon a verdict at circuit.

*A. M. & G. Card*, for appellants.

*E. P. Wilder*, for respondent.

BARRETT, J.—This appeal is without merit. The facts were clearly with the plaintiff. He sued the defendants for the value of a quantity of gunpowder which, the complaint charges, was consigned to them, and for which they have

never accounted. The defense is that the gunpowder was really consigned to one Williams, and not to the defendants. The plaintiff testified that the contract was directly with the defendants, and, in substance, that he had nothing to do with Williams except to send the gunpowder to him, for the defendants, and by their direction. The defendants disputed this, but the correspondence favors the plaintiff's statement; especially Morehouse's letter, in response to that of the plaintiff, dated February 7, 1883. That letter reads as follows:

" *R. J. Howe, N. Y. City* :

" DEAR SIR—Yours of the 7th inst., addressed Metallic Cap Company, has been forwarded to me. I have never had an invoice of the powder sent to Weed Mines. If you will send me a statement of what was shipped there, the price, etc., I will render you an account of what remains there.

" Truly yours, etc.,

" J. J. MOREHOUSE, per L. M."

This letter seems conclusive. " Weed Mines " was the place where Williams had his storage magazine. There was an effort to make it appear that this letter was written in February, 1882, instead of February, 1883. The letttter was dated " 1882," but that date was evidently a clerical error. The plaintiff had no such transaction with the defendants prior to February, 1882 ; and besides, the letter in question was plainly in answer to that written by the plaintiff on the 7th of February, 1883.

There are no exceptions in the case of any importance. Upon the testimony there was no question of credit given to Williams, and the request to charge, that if the plaintiff gave him credit there could be no recovery, was without relevance to the facts. The other requests to charge were equally untenable. Even if Williams " used and had " the powder, why should not the plaintiff recover if the jury found that under the contract his use and possession were the defendants' ?

The same inquiry applies to the request to charge " that if defendant shipped this powder to Williams, and Williams received and retained it, and plaintiff consented to it, plaintiff cannot recover." It all comes back to the original question whether Williams " received and retained " the powder for the defendants under the contract testified to by the plaintiff. The fact is that he did. He was merely the vehicle for the reception of the goods by the defendants. The jury have so found by their verdict, and that verdict is satisfactory.

The judgment should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.